UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID BOWERS,

        Plaintiff,

  v.                                             Case No. 08-C-197

JOHN HUSZ, et al.,

        Defendants.

**ORDER**

Both sides moved for summary judgment in this prisoner § 1983 action. As the Defendants' motion was based on a procedural ground (exhaustion) that, if successful, would obviate the need for discovery and further briefing, I granted their motion to stay consideration of the Plaintiff's motion for summary judgment. Unhappy with that result, the Plaintiff filed an appeal that the Seventh Circuit called frivolous. The matter is now before me for consideration of the Defendants' motion for summary judgment. For the reasons given below, their motion will be granted.

Exhaustion is a requirement imposed by the Prisoner Litigation Reform Act ("PLRA") of 1995. In a nutshell, it means that a prisoner plaintiff must give state authorities a first crack at resolving problems before the inmate may make a federal case out of the matter. 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). In Wisconsin, the exhaustion requirement

means an inmate must file an inmate complaint within fourteen days of the event or problem in question. *See* Wis. Admin. Code DOC § 310.09(6) (providing that grievance can be filed within 14 days of occurrence giving rise to complaint).

Bowers failed to file any timely grievances relating to the November 21, 2007 incident that is the basis of his federal complaint. He did file two inmate complaints in January 2008, but these were rejected as untimely. Although he sought review of those determinations, Bowers failed to file any administrative appeals of those determinations. (Gozinske Aff., Exs. A-C.) Bowers responds that he substantially complied with the exhaustion requirements and, essentially, did every thing he could. (Dkt. # 59.) But the place for making such arguments is in the state administrative proceedings, not here. The grievance process allows a complaint examiner to excuse a late filing upon a showing of good cause, Wis. Admin. Code § DOC 310.09(6), but Bowers never attempted to make such a showing. It is not for this Court to determine what kinds of complaints the state should allow to be filed tardy, or else the state's time limit could simply be ignored and an inmate could come straight to federal court. That is not what the PLRA provides.

> Because the purpose of the exhaustion rule is to allow prison officials the opportunity to address minor procedural problems in the first instance, we have held that a prisoner fails to exhaust his remedies if he does not take advantage of a procedure for reconsidering untimely filings. *Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005) (per curiam). Mr. Edmondson gives no reason for not raising the claim that he raises here before the DOC . . .

*Edmondson v. McCaughtry,* 157 Fed.Appx. 908, 910, 2005 WL 3275692, *2 (7th Cir. 2005); *see also Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002) (prisoner must file complaints and appeals "in the place, and at the time, the prison's administrative rules require").

Because Plaintiff failed to exhaust any claims related to the November 19, 2007 incident, the Defendants' motion for summary judgment is **GRANTED**; all other pending motions are **DENIED**,[1] and the case is **DISMISSED**.

**SO ORDERED** this   24th   day of August, 2009.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge

---

[1] Because the outcome here turns on the Plaintiff's failure to exhaust, resolution of the other motions is not required.